1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6            FOR THE DISTRICT OF ARIZONA

7

8   United States of America,                    )       CR 06-0133-PHX-SRB
                                                 )
9              Plaintiff-Respondent              )       CV 10-0126-PHX-SRB (ECV)
                                                 )
10  vs.                                          )
                                                 )       **REPORT AND RECOMMENDATION**
11                                               )
    Placido Vasquez Torres,                      )
12                                               )
               Defendant-Movant.                 )
13                                               )
    _____        )

14

15  TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

16                          **BACKGROUND**

17          Placido Vasquez Torres ("Movant"), has filed a Motion to Vacate, Set Aside or

18  Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Doc. 1).[1]

19  On November 16, 2006, a jury found Movant guilty of five felony counts including one count

20  of Conspiracy to Distribute Cocaine, Cocaine Base, and Methamphetamine, two counts of

21  Possession with Intent to Distribute Methamphetamine, one count of Possession with Intent

22  to Distribute Marijuana, and one count of Possession of a Firearm in Furtherance of a Drug

23  Trafficking Crime.  (Doc. 143 of CR 06-0133).  On May 21, 2007, Movant was sentenced

24  to the Bureau of Prisons for a total of 181 months to be followed by five years of supervised

25  release.  (Id.).  The prison term consisted of 121 months for the first three counts, a 60-month

26

27  _____

28          [1] The docket numbers refer to the civil matter opened upon the filing of the motion to
    vacate, CV 10-0126, unless otherwise indicated.

1   term for the marijuana offense that is concurrent with the first three counts, and a 60 month

2   term for the firearm offense that is consecutive to the other four counts.  (Id.).  Movant filed

3   a Notice of Appeal on May 25, 2007.  (Doc. 144 of CR 06-0133).  On August 15, 2008, the

4   Ninth Circuit Court of Appeals issued a memorandum decision in which the court affirmed

5   Movant's conviction and sentence on each count.  (Doc. 164 of CR 06–0133).  The Court

6   subsequently denied a petition for panel rehearing and petition for rehearing en banc.  (Doc.

7   163 of CR 06-0133).

8          On January 21, 2010, Movant filed the pending Motion to Vacate.  (Doc. 1).  The

9   District Court screened the motion in an order filed on March 16, 2010, and ordered

10  Respondent to respond to the motion.  (Doc. 3).  Movant identifies two grounds for relief in

11  his motion.  First, he contends that the District Court erred in imposing a consecutive 5-year

12  sentence for a violation of 18 U.S.C. § 924(c).  Second, he alleges that his trial attorney

13  provided ineffective assistance of counsel in violation of the Sixth Amendment when she

14  failed to argue this issue at Movant's sentencing hearing.  Respondent filed a Response in

15  Opposition to Motion to Vacate, Set Aside or Correct Sentence on August 6, 2010.  (Doc.

16  6).  Movant then filed a Reply on August 19, 2010.

17                                            **DISCUSSION**

18         Relying on two Second Circuit cases, Movant argues that the mandatory minimum

19  sentence imposed against him for the firearm offense was not applicable because he was

20  already subject to a longer minimum sentence for his drug trafficking offenses.  He contends

21  that a clause in the statute provides an exception that applies to him.

22         Respondent argues that although the Ninth Circuit has not addressed this issue, eight

23  other circuit courts of appeal have rejected the Second Circuit's interpretation of the "except"

24  clause in the statute.  Additionally, Respondent argues that because the two Second Circuit

25  cases on which Movant relies were decided after his sentencing hearing, Movant's counsel

26  could not have been ineffective for failing to argue them at sentencing.

27         Also in the response, Respondent noted that two consolidated cases addressing this

28  precise issue were pending before the United States Supreme Court.  Respondent suggested

1   that if the court determines a decision on those cases would control the outcome of this case,

2   the court should wait for that ruling to issue.  Movant agreed in his reply.  The Supreme

3   Court issued its decision on November 15, 2010, in <u>Abbott v. United States</u>, 131 S.Ct. 18.

4            Under 18 U.S.C. § 924(c)(1), a person is prohibited from using, carrying or possessing

5   a firearm in connection with "any crime of violence or drug trafficking crime."  The

6   minimum prison term for this offense is five years which must be served consecutively to any

7   other term of imprisonment imposed.  18 U.S.C. §§ 924(c)(1)(A)(I), 924(c)(1)(D)(ii).  The

8   statute, however, contains an "except" clause, which provides that the minimum 5-year

9   consecutive sentence shall be imposed "[e]xcept to the extent that a greater minimum

10  sentence is otherwise provided by [§ 924(c) itself] or by any other provision of law."  18

11  U.S.C. § 924(c)(1)(A).

12           Petitioner contends that the "except" clause applies to him because of the mandatory

13  minimum 10-year sentence he received for the drug trafficking offenses.  He claims,

14  therefore, that the consecutive five year sentence for violating § 924(c) should not have been

15  imposed.

16           In <u>Abbott</u>, the Supreme Court squarely rejected Movant's argument and sided with

17  the majority of the Courts of Appeals.  The Court held "that a defendant is subject to a

18  mandatory, consecutive sentence for a § 924(c) conviction and is not spared from that

19  sentence by virtue of receiving a higher mandatory minimum on a different count of

20  conviction."  <u>Abbott</u>, 131 S.Ct. at 23.  The Court interpreted the "except" clause to mean that

21  a defendant "is subject to the highest mandatory minimum specified for his conduct in §

22  924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes

23  an even greater mandatory minimum."  <u>Id.</u>  The Court determined "that Congress intended

24  the 'except' clause to serve simply as a clarification of § 924(c), not as a major restraint on

25  the statute's operation."  <u>Id.</u> at 30.

26           Movant's claim that the District Court improperly imposed a 5-year consecutive

27  sentence for the § 924(c) firearms violation is foreclosed by <u>Abbott</u>.  Similarly, Movant

28  cannot maintain an ineffective assistance of counsel claim based on counsel's failure to

1 present a legal argument that has been rejected by the Supreme Court.  The court will

2 therefore recommend that the motion to vacate be denied.

3 **IT IS THEREFORE RECOMMENDED:**

4 That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal

5 Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

6 **IT IS FURTHER RECOMMENDED:**

7 That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal

8 be **DENIED** because Movant has not made a substantial showing of the denial of a

9 constitutional right.

10 This recommendation is not an order that is immediately appealable to the Ninth

11 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

12 Appellate Procedure, should not be filed until entry of the district court's judgment.  The

13 parties shall have ten days from the date of service of a copy of this recommendation within

14 which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

15 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

16 response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

17 and Recommendation may result in the acceptance of the Report and Recommendation by

18 the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

19 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

20 Magistrate Judge will be considered a waiver of a party's right to appellate review of the

21 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

22 recommendation.  See Fed. R. Civ. P. 72.

23 DATED this 10th day of December, 2010.

24

25

26

27 Edward C. Voss
United States Magistrate Judge

28

- 4 -